Filed 9/18/24  P. v. Martinez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FERNANDO MANUEL MARTINEZ, JR.,<br><br>    Defendant and Appellant. | G063148<br><br>(Super. Ct. No. 07CF1040)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

This is an appeal from a trial court's order denying a duplicative petition to vacate three attempted murder convictions and to be resentenced. We find no errors and affirm the order.

I.

PROCEDURAL BACKGROUND

In 2007, Fernando Manuel Martinez, Jr., pleaded guilty to three counts of attempted murder, related crimes, and enhancements. Martinez admitted on a felony plea form, in part, "I personally discharged a semi-automatic firearm toward three human beings with the intent to murder them." The trial court imposed a sentence of 35 years in prison.

In 2019, Martinez filed a Penal Code section 1170.95 petition seeking to dismiss his attempted murder convictions, and to be resentenced (now Pen. Code, § 1172.6).[1] The trial court denied the petition. On appeal, counsel filed a brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) This court affirmed the ruling in an unpublished opinion. (*People v. Martinez* (Oct. 7, 2019, G057610) [nonpub. opn.].)

In 2023, Martinez filed a second petition. (See § 1172.6.) In a written ruling, the trial court stated: "This Court could dismiss this petition as a *duplicative filing* but will address the issue on its merits . . . ." The court concluded: "The petition is denied. No relief is available for someone who personally attempts murder while personally discharging a firearm. Defendant is ineligible as a matter of law."

---

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 to section 1172.6 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

On appeal, appointed appellate counsel again filed an opening brief raising no arguable issues. (See *Wende, supra,* 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.)

## II.

## DISCUSSION

When defendant's counsel identifies no arguable issues on appeal, an appellate court independently reviews the record for arguable issues. (*Wende, supra*, 25 Cal.3d at pp. 441-442.)

Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, after independently reviewing the record on appeal, this court has similarly found no arguable issues. The record conclusively establishes Martinez "personally discharged a semi-automatic firearm toward three human beings with the intent to murder them." Thus, the trial court properly denied the duplicative section 1172.6 petition at the prima facie stage. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961–970.)

3

### III.

### DISPOSITION

The trial court's order denying Martinez's section 1172.6 petition is affirmed.


MOORE, J.

WE CONCUR:


O' LEARY, P. J.


GOETHALS, J.